UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELIX INVESTMENT MANAGEMENT, SLP
on behalf of SECURITIESATION FUND
COMPARTMENT "PRIVILEGE WEALTH,"

Plaintiff,

v.  Case No. 8:18-cv-206-T-33AEP

PRIVILEGE DIRECT CORP., OLIPHANT
FINANCIAL GROUP, LLC, OLIPHANT
FINANCIAL CORPORATION, and ROBERT
A. MORRIS,
Defendants.
_____/

### ORDER

This cause comes before the Court pursuant to Defendant Oliphant Financial Group's Motion to Stay Action (Doc. # 17), which was filed on February 23, 2018. Plaintiff Helix Investment Management, SLP filed a Response in Opposition to the Motion (Doc. # 20) on March 1, 2018. Oliphant filed a Reply on March 5, 2018. (Doc. # 22).

### Discussion

Helix initiated this case on January 23, 2018, by filing a 10-count, 145-page complaint, including exhibits. (Doc. # 1). The Complaint explains that Helix is incorporated, and maintains its principal place of business, in Luxembourg. (Id. at ¶ 8). The Helix Securitisation Fund "serves as an umbrella fund that offers financing to clients through secure

transactions." (Id. at ¶ 16). "Pursuant to a Financial Agreement executed on or around July 23, 2015 . . . Helix created Securitization Fund Compartment 'Privilege Wealth' . . . in order to establish a medium term note program with proceeds to be loaned to Privilege Wealth as financing capital subject to certain terms and conditions." (Id. at ¶ 17). The Complaint describes a Promissory Note "with a value exceeding USD $231,421.00" and interest "exceeding USD $77,888.00." (Id. at ¶¶ 21-22). Among other relief, Helix seeks an accounting, the repayment of the loans, and recourse against Robert Morris, an individual who signed a personal guarantee.

At this juncture, Oliphant seeks an Order staying this action because Helix has not obtained a certificate of authority to transact business in Florida. (Doc. # 17). Oliphant explains: "Florida Statute § 607.1502(1) provides that 'a foreign corporation transacting business in this state without a certificate of authority may not maintain any proceeding in a Florida Court unless it obtains a certificate of authority.'" (Doc. # 17 at 3). Florida Statute § 607.1502(3) states that "a court may stay a proceeding commenced by a foreign corporation . . . until it determines whether the foreign corporation . . . requires a certificate of authority. If it so determines, the court may further stay

the proceeding until the foreign corporation . . . obtains the certificate."

In response to the Motion to Stay, Helix argues that it does not need the certificate of authority, but indicates that, "in an abundance of caution," it has applied for the certificate of authority. (Doc. # 20 at 5). The Court determines that it is appropriate to stay this case until the Department of Corporations for the State of Florida issues the certificate of authority. Helix is directed to file a Notice with the Court once the Florida Department of Corporations issues the certificate of authority. The Court will return the case to active status upon the issuance of the certificate of authority.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Defendant Oliphant Financial Group's Motion to Stay Action (Doc. # 17) is **GRANTED**.

(2) This case is stayed and administratively closed until such time as the Florida Department of Corporations issues the certificate of authority to Plaintiff.

(3) Plaintiff is directed to notify the Court once the Florida Department of Corporations issues the certificate of authority.

DONE and ORDERED in Chambers, in Tampa, Florida, this <u>6th</u> day of March. 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE