UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

HELIX INVESTMENT MANAGEMENT, LP,

        Plaintiff,

v.                                  CASE NO.: 8:18-cv-206-T-33AEP

PRIVILEGE DIRECT CORP., ET AL.,

        Defendants.
_____/

**<u>ORDER</u>**

   This matter comes before the Court pursuant to Defendants Oliphant Financial Group, LLC, Oliphant Financial Corporation and Robert A. Morris' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 54), which was filed on July 2, 2018. Plaintiff Helix Investment Management, LP filed a response in opposition to the Motion on July 17, 2018. (Doc. # 56). The Court held oral argument on the Motion on October 17, 2018. (Doc. # 69). At the conclusion of the oral argument, the Court requested supplemental briefing.

   The Court specified that the supplemental briefing discuss whether Plaintiff has failed to join an indispensable party -- Privilege Wealth, PLC -- and whether the case should be stayed due to the progression of related proceedings in other courts. (Doc. # 71). Specifically, Privilege Wealth is

in the midst of Chapter 15 Bankruptcy Proceedings.[1]  Both parties have timely filed the required supplementation. (Doc. ## 78, 79).

**Discussion**

The Court required supplemental briefing because Defendants raise strong arguments regarding Privilege Wealth being an indispensable party.  The Court agrees with Defendants that: "The bulk of Plaintiff's entire action surrounds loans that Plaintiff claims it made to Privilege Wealth, PLC, which Plaintiff also claims are in default." (Doc. # 54 at 7).  Although Plaintiff neglected to name Privilege Wealth as a party, it claims that Privilege Wealth executed a financing agreement for up to $400,000,000.00, and that Privilege Wealth's alleged default triggers the liability of the named Defendants.

---

[1] Chapter 15 of the United States Bankruptcy Code "was enacted in 2005 to implement the Model Law on Cross-Border Insolvency ('Model Law') formulated by the United Nations Commission on Internal Trade Law . . . intended to increase legal certainty, promote fairness and efficiency, protect and maximize value, and facilitate the rescue of financially troubled businesses." Ad Hoc Grp. of Vitro Noteholders v. Vitro SAB De CV, 701 F.3d 1031, 1043 (5th Cir. 2012). Defendants explain in their supplement that there are actually three pending Chapter 15 bankruptcy cases for Privilege Wealth - one in the District of New Jersey and two in the Southern District of Florida. (Doc. # 78 at 2).

2

Rule 19 of the Federal Rules of Civil Procedure states:

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
   (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
      (A) in that person's absence, the court cannot accord complete relief among existing parties; or
      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
         (i) as a practical matter impair or impede the person's ability to protect the interest; or
         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
   (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
   (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

(b) WHEN JOINDER IS NOT FEASIBLE. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
   (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
   (2) the extent to which any prejudice could be lessened or avoided by:
      (A) protective provisions in the judgment;
      (B) shaping the relief; or
      (C) other measures;
   (3) whether a judgment rendered in the person's absence

would be adequate; and
        (4)     whether the plaintiff would have an adequate remedy
                if the action were dismissed for nonjoinder.

        . . . .

Fed. R. Civ. P. 19.

Courts in the Eleventh Circuit use a two-step approach when analyzing motions to dismiss premised upon the failure to join a required party:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

Focus on Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003)(quoting Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982)).

In Mid-Continent Casualty Co v. Basdeo, No. 08-61473, 2009 U.S. Dist. LEXIS 123981 (S.D. Fla. Aug. 7, 2009), the court succinctly summarized the required analysis:

> The first part of the test might be more clearly understood as involving two questions: whether the non-party should be joined and whether joinder is feasible. Where both a nonparty should be joined and joinder is feasible, the nonparty is "required" or "necessary" but not necessarily "indispensable." If so, then pursuant to Rule 19(a)(2), the Court must order that the person be made a party, rather

> than dismiss. Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party.

Id. at *7-8 (internal citation omitted).

In addressing Defendants' arguments, the Court is mindful that "pragmatic concerns, especially the effect on the parties and the litigation, control." Challenge Homes, Inc., 669 F.2d at 669. Here, pragmatic concerns are especially poignant. The Second Amended Complaint's allegations focus on non-party Privilege Wealth and attach a financing agreement executed by Privilege Wealth for $40 million. A central theme of the Second Amended Complaint is that Privilege Wealth has obligations to Plaintiff, which are currently in default. Thus, it goes without saying that Privilege Wealth has an interest, an overwhelming interest, in the disposition of this action as currently framed. What further complicates the proceedings is that Privilege Wealth is in bankruptcy, and "the automatic stay imposed in the bankruptcy seemingly prevents Privilege Wealth from being joined as a party." (Doc. # 79 at 5).

Perhaps sensing that the Court would find that Privilege Wealth is an indispensable party, Plaintiff has, in the context of its supplemental brief, requested the opportunity to amend the pleadings so as to eliminate concerns about

5

Privilege Wealth and to sharpen its focus to the actually named Defendants. The Court finds this solution acceptable. Rather than tap dance around non-party Privilege Wealth, the Court authorizes Plaintiff to file a Third Amended Complaint by December 10, 2018. The Court recognizes that Defendants raise other arguments in the Motion to Dismiss in addition to the argument that Privilege Wealth is an indispensable party (for instance, that the Second Amended Compliant "failed in basic pleading requirements"). (Doc. # 54 at 1). However, the Court contemplates that the amendment of the Second Amended Complaint to eliminate non-party Privilege Wealth will streamline the proceedings substantially.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1) Defendants Oliphant Financial Group, LLC, Oliphant Financial Corporation and Robert A. Morris' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 54) is **DENIED WITHOUT PREJUDICE AS MOOT.**

(2) Plaintiff is authorized to file a Third Amended Complaint by December 10, 2018, failing which the case will be dismissed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of November, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE