UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELIX INVESTMENT MANAGEMENT, LP,

    Plaintiff,

v.                                 Case No. 8:18-cv-206-T-33AEP

PRIVILEGE DIRECT CORP., ET AL.,

    Defendants.

_____/

**ORDER**

    This cause is before the Court sua sponte. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991)("Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.").

    Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a

case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

**Diversity Jurisdiction**

Plaintiff Helix Investment Management, SLP filed a Motion for Preliminary Injunction on December 4, 2018, (Doc. # 91) and filed its Third Amended Complaint on December 10, 2018. (Doc. # 95). Plaintiff predicates the Court's subject matter jurisdiction on complete diversity of citizenship. A hearing on the Motion for Preliminary Injunction is scheduled to take place before the Honorable Anthony E. Porcelli, United States Magistrate Judge, on December 18, 2018. (Doc. # 96). Defendants' response to the Third Amended Complaint is due on December 24, 2018.

On December 11, 2018, Defendants Oliphant Financial Group, LLC, Oliphant Financial Corporation, and Robert A. Morris filed a Response in Opposition to the Motion for Preliminary Injunction. (Doc. # 97). In addition to contesting Plaintiff's entitlement to injunctive relief, the

Oliphant Defendants assert that this Court lacks subject matter jurisdiction over the case.

The Oliphant Defendants correctly explain that "where there are aliens on both sides of the litigation, complete diversity is lacking, and diversity jurisdiction does not exist." (Id. at 3). In Simon Holdings PLC Group of Companies U.K. v. Klenz, 878 F. Supp. 210 (M.D. Fla. 1995), the court explained: "Federal district courts have 'alienage' jurisdiction in actions between citizens of a State and citizens of foreign states. 28 U.S.C. § 1332(a)(2). In order to maintain an action in federal court based on 'alienage' jurisdiction, there must be complete diversity of citizenship between all the plaintiffs and all the defendants." Id. at 211. And, "complete diversity of citizenship does not exist where there are aliens on both sides of the litigation. This is so even if the aliens are from different countries." Id. See also Palmer v. Loiten, No. 6:08-cv-1040-Orl-22GKJK, 2010 WL 11507691, at *4 (M.D. Fla. June 22, 2010)(dismissing action for lack of subject matter jurisdiction when one of the plaintiffs was incorporated in Panama, one of the

3

defendants was a citizen of Jamaica, and the second defendant was incorporated in the Grand Cayman Islands).

Plaintiff's Third Amended Complaint alleges that Helix is a Luxembourg corporation with its principal place of business in Luxembourg. (Doc. # 95 at ¶ 8). Thus, Plaintiff is an "alien." As for Defendant Privilege Direct Corp., the Third Amended Complaint alleges that it is a Florida corporation with its principal place of business in the United Kingdom. (Id. at ¶ 9). The Oliphant Defendants, however, have filed documents from the Florida Division of Corporations showing that Privilege Direct Corp. was dissolved on September 28, 2018, eight months after the initial complaint was filed in this case. (Doc. # 97-1). Thus, the Oliphant Defendants argue: "Since Privilege Direct Corp. is no longer an active Florida corporation, and its principal place of business is in the United Kingdom, Privilege Direct Corp. is an 'alien' corporation for diversity purposes." (Doc. # 97 at 4).

In Simon, the court held: "diversity jurisdiction does not exist where a foreign-chartered corporation with its principal place of business in the United States is on the

4

opposing side of litigation from another alien." <u>Simon Holdings PLC Grp. of Companies U.K.</u>, 878 F. F. Supp. at 213. That holding was reiterated in <u>National Westminster Bank PLC v. Plumb</u>, 6:10-cv-310-Orl-18GJK, 2010 WL 11626731 (M.D. Fla. Nov. 8, 2010), a personal guaranty case brought by a plaintiff from the United Kingdom against two individual defendants. The plaintiff bank alleged in the complaint that the two defendants resided in the United States, but copies of their passports and other evidence showed that the defendants were actually citizens of the United Kingdom. The Court dismissed the case and specifically disallowed the filing of an amended complaint to cure the jurisdictional defect. The court explained: "the presence of an alien on both sides of a case destroys diversity jurisdiction." <u>Id.</u> at *2.

Similar to the plaintiff in <u>National Westminster Bank PLC</u>, Helix is an alien (a citizen of Luxembourg). Therefore, "diversity depends on the citizenship of the [Defendants]." <u>Id.</u> At this juncture, Privilege Direct Corp. is not an active Florida corporation. But, a party's citizenship is determined at the inception of the lawsuit, not at a later

5

time. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004)("It has long been the case that the jurisdiction of the court depends upon the state of things at the time the action is brought. This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure.").

Assuming that Privilege Direct is a Florida corporation with its principal place of business in the United Kingdom, Helix has still raised a substantial question regarding whether the requirements of complete diversity of citizenship have been met. On December 13, 2018, the Eleventh Circuit entered a detailed order addressing diversity jurisdiction with aliens on both sides of the case. In Caron v. NCL (Bahamas), Ltd., No. 17-15008, 2018 WL 6539178 (11th Cir. Dec. 13, 2018), the court evaluated whether diversity jurisdiction was present in a negligence action brought by an injured passenger (a citizen of Canada) against the cruise line (a Bermuda corporation with its principal place of business in Florida). The district court found that the requirements of complete diversity were present, but the Eleventh Circuit disagreed and held: "§ 1332(a)(2) does not

6

grant jurisdiction over a suit between a corporation incorporated solely in a foreign state and another alien, regardless of the corporation's principal place of business." Id. at *3.

However, that case did not address the situation presented here – a defendant incorporated in Florida, with its principal place of business abroad. In Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), the court held that a defendant's "Latin American principal place of business would not destroy diversity jurisdiction against alien Plaintiffs" because the defendant was incorporated in Florida. Id. The recent Caron case left the door to this discussion open by stating: "We are not required to decide, and do not decide, whether a corporation incorporated in a State, but with its worldwide place of business aborad, can invoke alienage-diversity jurisdiction in a suit against an alien. This court held in Cabalceta that alienage-diversity jurisdiction was proper in that circumstance. Whether the 2012 amendments to § 1332 overruled Cabalceta is a question for another day." 2018 WL 6539178, at n.3.

In an abundance of caution, the Court outlines these jurisdictional issues and encourages the parties to elaborate upon them during the hearing set to take place before the Magistrate Judge on December 18, 2018.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The parties should be prepared to discuss the jurisdictional issue raised above at the December 18, 2018, preliminary injunction hearing.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of December, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE