UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELIX INVESTMENT MANAGEMENT, LP,

    Plaintiff,

v.                          Case No. 8:18-cv-206-T-33AEP

PRIVILEGE DIRECT CORP., et al.,

    Defendants.
_____/

**ORDER**

On October 18, 2019, United States Magistrate Judge Anthony E. Porcelli entered Reports and Recommendations (Doc. ## 185, 186), recommending that Helix's Motion for Entry of Default Judgment against Privilege Direct Corp. (Doc. # 127), and Amended Motion for Entry of Default Judgment against Oliphant Financial Group, LLC (Doc. # 175), be granted. Also on October 18, 2019, Judge Porcelli entered a Report and Recommendation recommending that Helix's Motion for Attorney Fees and Costs (Doc. # 170) be granted in part. (Doc. # 184). No objections have been filed for any of the Reports and Recommendations, and the time for the submission of objections has expired.

After conducting a careful and complete review of the

1

findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge with respect to the above-mentioned motions.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  The Reports and Recommendations (Doc. ## 184, 185, 186)

are **ACCEPTED** and **ADOPTED**.

(2) Helix Investment Management, LP's Motion for Entry of Default Judgment against Privilege Direct Corp. (Doc. # 127) and Amended Motion for Entry of Default Judgment against Oliphant Financial Group, LLC (Doc. # 175) are **GRANTED**.

(3) Helix's Motion for Attorney Fees and Costs (Doc. # 170) is **GRANTED IN PART**.

(4) The Clerk is directed to enter judgment in favor of Helix Investment Management, LP, and against Privilege Direct Corp. and Oliphant Financial Group, LLC, as follows:

  (a) Helix is awarded monetary damages against Privilege in the amount of $1,633,744.73, plus pre-judgment interest;

  (b) Oliphant Financial Group is liable to Helix for Count I for breach of the Oliphant Security Agreement; Counts III, IV, V, and VI for breach of Promissory Notes Numbers 1 through 4; and Count VII for breach of the March 2, 2016, Binding Term Sheet;

  (c) Oliphant Financial Group must transfer all legal and beneficial interest and ownership in debt portfolios K0001 through K0006, and Evine 469

through 471 to Helix;

(d) Oliphant Financial Group must transfer all legal and beneficial interest in debt portfolios K0007 (20% share interest) and K0008 (12.5% share interest) to Helix;

(e) Oliphant Financial Group shall pay a monetary judgment to Helix in the amount of the face value of Promissory Notes 01 through 04, which totals $5,441,990.85, plus interest;

(f) All rights and benefits accorded to "Helix Securitisation Fund Compartment 'Privilege Wealth'" under the Oliphant Security Agreement (Doc. # 95-1) are deemed to inure to the benefit of Helix, and Helix may enforce all such rights and benefits against all parties to the Oliphant Security Agreement;

(g) Helix is granted a security interest in the Collateral identified under Annexure "A" of the Agreement, including:

(i)     Promissory Note 01 (Doc. # 95-5)
(ii)    Promissory Note 02 (Doc. # 95-6)
(iii)   Promissory Note 03 (Doc. # 95-7)

    (iv)      Promissory Note 04 (Doc. # 95-8)

    (v)       K0001 debt portfolio (Doc. # 95-4)

    (vi)      K0002 debt portfolio (Doc. # 95-4)

    (vii)     K0003 debt portfolio (Doc. # 95-4)

    (viii)    K0004 debt portfolio (Doc. # 95-4)

    (ix)      K0005 debt portfolio (Doc. # 95-4)

    (x)       K0006 debt portfolio (Doc. # 125-8)

    (xi)      Evine 469 debt portfolio (Doc. # 95-4)

    (xii)     Evine 470 debt portfolio (Doc. # 95-4)

    (xiii)    Evine 471 debt portfolio (Doc. # 95-4);

(h) Helix is entitled to take the following rights and remedies as a result of the default of the Oliphant Security Agreement:

    (i)       Collect all Collateral and to take control and possession of all cash or non-cash proceeds of the Collateral;

    (ii)      enforce payment of any Collateral, to prosecute any action or proceeding with respect to the Collateral, to extend the time of payment of any and all Collateral, to make allowance and adjustments with respect thereto and to

issue credits in the name of Oliphant and
                    or PD; and

          (iii)     to exercise other rights and remedies
                    under the Oliphant Security Agreement,
                    the PW Promissory Notes and the Financing
                    Agreement and the Notes that are
                    available to a secured creditor under the
                    Florida Uniform Commercial Code or that
                    are otherwise available at law or in
                    equity, at any time, in any order and in
                    any combination;

     (i)  Privilege and Oliphant Financial Group are jointly
          and severally liable to Helix for attorney's fees
          in the amount of $151,982.50 and costs totaling
          $4,756.39.

(5)  Thereafter, the Clerk is directed to **CLOSE THE CASE**.

     **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of November, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE